UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUDEAN NIELSEN | JURY TRIAL DEMANDED |
| v. | CASE NO.  3:06CV |
| A&S COLLECTION ASSOCIATES, INC.<br>CARLA BELLAVANCE | |

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § l692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §133l, § 1367.

3. Plaintiff is a natural person who resides in Connecticut.

4. Plaintiff is a consumer within the FDCPA.

5. Each Defendant is a debt collector within the FDCPA.

6. Each Defendant communicated with plaintiff or others in an effort to collect the plaintiff's purported PLR Credit Card account.

7. Defendant A&S is licensed as a Consumer Collection Agency in Connecticut.

8. On June 12, 2006, defendants claimed to have purchased plaintiff's Chase Manhattan account from PLR Management, Inc.; demanded payment of the account; and did not provide the notice required by law.

9. Defendant's President, Ronald Saldi, has stated under oath dated August 2, 2005, that PLR "in fact, did not own the accounts that it was selling to" his company, and that he had demanded refund of the purchase price without success. Mr. Saldi's affidavit further stated that PLR had "fail[ed] to deliver any valid account receivables to" his company.

10. Despite knowing that A&S did not have any valid title to plaintiff's account, defendants assigned the account for collection to a collection agency that had no Connecticut collection license.

11. A New York lawyer has been attempting to collect the same former Chase account asserting that First American Investment Company had purchased the account.

FIRST COUNT

12. In the collection efforts, each defendant violated the FDCPA, *inter alia*, § 1692c, -d,-e, -f, or -g.

SECOND COUNT

13. Within three years prior to the date of this action, each Defendant engaged in acts and practices as to plaintiff in violation of the Creditors' Collection Practices Act, §36a-645 *et seq.*, or the Consumer Collection Agency Act, § 36a-800 *et seq*. Conn. Gen. Stat.

14. Defendant committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages for each communication against each defendant;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395

j.faulkner@snet.net